# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2022

Lyle W. Cayce
Clerk

No. 19-60032
Summary Calendar

Maria Sebastiana Paiz Sorto; Darlyn Margarita
Argueta Paiz,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 294 337
Agency No. A209 294 338

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Maria Sebastiana Paiz Sorto and her minor daughter, Darlyn
Margarita Argueta Paiz, petition for review of the Board of Immigration
Appeals's decision affirming, without opinion, an order of the Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60032

Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). To the extent the petitioners challenge the BIA's use of the summary affirmance procedure provided by 8 C.F.R. § 1003.1(e)(4), we lack jurisdiction to consider the unexhausted claim. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-61 & n.9 (5th Cir. 2022). Given the BIA's summary affirmance disposition, we review the IJ's factual findings for substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003).

Substantial evidence supports the IJ's conclusion that the MS-13 gang's threats were motivated by a desire to increase the wealth of the organization by extorting family-owned business like the petitioners' and, as such, their membership in the proposed family-based particular social group was incidental, tangential, or subordinate to those motives. *See, e.g.*, *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002). Because the nexus issue is dispositive of the petitioners' asylum and withholding of removal claims, *see Zhang*, 432 F.3d at 344; *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270-71 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022), this court need not reach their arguments related to persecution and whether the government of El Salvador was able and willing to control their persecutors. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Regarding their CAT claim, the petitioners have failed to produce evidence that would compel a conclusion that the government of El Salvador would acquiesce in their torture. *See Chen v. Gonzales*, 470 F.3d 1131, 1138-39 (5th Cir. 2006); *see also Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006). Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.